All right, our next case this morning is 21-3150, Shrum v. Cooke. Mr. McAllister, you may proceed. Thank you, Mr. Chief Judge, and may it please the Court. On the question presented on appeal regarding the appellant's malicious prosecution claims, the district court below held that quote, plaintiff's allegations failed to show the second essential element of the claim. As case law makes clear, the favorable termination element requires the quote, termination of the original criminal proceeding must be in some way, must in some way indicate the innocence of the accused, unquote. That is wrong. And Thompson v. Clark has now overruled cases that imposed the innocence standard, and it includes those cases relied on by the appellees in this case and by the district court in this case. It must be reversed. A criminal case, a criminal proceeding terminates in the accused's favor when it ends, and the prosecution has failed to obtain a conviction. Appellant argued in his brief to this court on December the 10th that quote, the district court erred in applying an innocence standard, unquote. Are we here on plain error review, though? Your Honor, I must say in speaking and in working with some of my appellate colleagues in preparing for today, on behalf of Mr. Shrum, I may have unnecessarily fallen on the sword of requesting a more challenging plain review error rather than simply requesting de novo review on direct appeal when, in fact, these arguments were all preserved in the district below. Let me explain. The district court record on the motions to dismiss demonstrates that Shrum, Mr. Shrum, neither waived nor forfeited his Fourth Amendment theory of recovery for malicious prosecution. And I want to go into this because I think that just because I have specifically requested plain error review does not mean that this court has to agree with me. And it won't be the first time that a court has disagreed with me. But while we did not make the exact argument in the district court that we have on appeal here specifically that Kansas state law has never historically required a showing of innocence, we did specifically argue in the district court as follows, quote, and this is at page 143 and 144 of the joint appendix, quote, defendants correctly assert that under Tenth Circuit precedent, plaintiff would not pass the favorable termination test because his continuing to quote from the district court record. This technicality, however, is not something that we should so easily be swept under the rug. While a concession on these claims would certainly be a path plaintiff could take, undersigned counsel is unwilling to do so. There are legal arguments as well as numerous public policy arguments that plaintiff ought not do so. There are numerous policy reasons to suggest that the innocence requirement is at odds with the purpose of section 1983, unquote. So I have to say, in retrospect, I'm sorry I've asked for plain error review because I believe the error has been more than adequately preserved. We just simply didn't make the pinpoint argument that the reason the district court below was wronged was based upon state law of malicious prosecution. Well even after, in your 28J letter, even after Thompson, you were still arguing that the reason that the court below erred was because it didn't apply Kansas law. That's right, Your Honor. But for the same reasons, Thompson v. Clark was decided, and they happened to be for the same reason. Kansas law as of 1873, our position was that Marlborough did not require a finding of innocence. It just so happened that the Civil Rights Act was passed in 1871, and the Thompson v. Clark court said that typically, under common law at that time, actual innocence was not required for the favorable termination prong of malicious prosecution. So, prophetically, I guess you could say, prophetically, we were saying the same things but for different reasons. Well, are you still arguing that it should be Kansas law that should be applied? Actually, I don't think I can anymore, Your Honor, in light of Thompson v. Clark. Thompson v. Clark has now, as of April of this year, has now ruled, and I'm going to butcher this name, Margheim v. Bolchko, which is a Tenth Circuit case from 2017, and it's overruled Cordova v. City of Albuquerque. That was Tenth Circuit precedent, and now that Thompson v. Clark has been decided, it no longer is. Okay, so we agree with you on that, that Thompson answers the question, and that because you're on direct appeal, that it's plain. Can't we affirm on any ground? No. No. No, because if you go, if you review this case on the plain error rule, under the plain error review rule, there is error that is plain and that affects the substantial constitutional rights of Walt Trump. Well, does it? I mean, if you can't make out a claim, even if we spot you that he didn't have to show actual innocence, but you still have deficiencies in your claim, can't we still affirm? I don't have deficiencies in my claim. Okay, well, let's talk about the alleged deficiencies in your claim. Okay. All right. We have a break between, is there any, you have not come forward with anything to show, or you've not alleged that Mr. Cook caused or instigated the prosecution against Mr. Shrum. Isn't that a required element of your claim? I know that's what the appellees have said, but the district court record belies that, and I believe, and I'm trying to find it here, an exact citation to the joint appendix, Your Honor, because this is very important. The gravamen of our malicious prosecution claims against the appellees can be found in appellant's complaint at joint appendix 30 through 31. They're contained, these allegations, and remember, this is not summary judgment. We don't have a record. We have a complaint that has to be assumed as true for purposes of appeal, right? So, in our complaint, which is joint appendix 30 through 31, paragraphs 112, 115, 116, 117, 121, and 122, in particular, Mr. Shrum stated in count one of his complaint at paragraph 116, quote, by all of the above, defendants instigated and continued the unlawful prosecution of plaintiff Shrum without probable cause and acting out of malice. Who did what, though? Well, in federal law... Did everybody commit malicious prosecution? No, not everybody. Well, who did? I'd say that the primary defendant is going to be Detective or Investigator Cook with the county. Mr. Sowers, who was with the police department, was standing guard over Mr. Shrum's house from 6.30 in the morning until well after 12 noon, and Mr. Sowers was there when Investigator Cook went into the house on the pretense that he had gotten a consent to search, on the pretense that he had gotten a consent to go get medication from Mr. Shrum. What Mr. Cook did in the presence of Mr. Sowers while he was there is not go in to get medication. He spent 30 minutes in that house, and he took 56 photographs. Well, that goes to the search and seizure claim, it seems to me. How do we get to lack of probable cause for malicious prosecution? There were drugs and ammunition in the house. There were drugs and ammunition found in the house that they had no right to go in, that resulted in the wrongful prosecution. All of these claims at this stage, the pleading stage, are pled as one package, just as they were in Thompson v. Clark. Are they pleaded that what you read from the complaint sounded like a conclusion to me, rather than a plausibly alleged fact? The question was, who did what? Your Honor, I can't go through 40 plus pages of a complaint here. May I grab my water? I think I don't have the time to go through the entire complaint right now. I would point out that in federal court it's notice pleading, and we have set out an entire set of facts in probably 15 pages of the complaint, which is made light of by the appellees, and they complain about the way we formulated our complaint. I disagree that we have not said who did what to whom. In fact, this court, in Mr. Shrum's criminal appeal, set out many of the things that Investigator Cook did. The problem is that Investigator Cook wasn't the grand jury who indicted, and didn't swear out the indictment, and didn't prosecute the case. We have case law that says when there's a break between the two, that that's enough. I don't think there was a break at all. I think Investigator Cook was a part of it the entire time. Well, you can't just say that. You've got to allege facts and say Investigator Cook helped them write the indictment. Investigator Cook, you know, for nine days before they actually charged him, was insisting that they charged him. You don't have anything that has Investigator Cook involved once it goes from the initial search to the decision to prosecute. What about the fact that, and I see I'm down to three minutes, what about the fact that Investigator Cook is the one who called ATF agent Tierney and asked him to do his bidding for the search warrant to fully search the house based upon the 56 photographs and the evidence inside the closet. Is that not an instigation of process that is subject to malicious prosecution law? And then there's the continuation of the prosecution at issue. It's not just about instigation, which I believe has a broad definition. Instigation of prosecution has a very broad definition. And just because there's a grand jury indictment that was preceded by an arrest warrant, that in all likelihood, Mr. Cook was involved in as well. We just don't have a record. We don't have a record. Your Honor, this kind of points to a complaint that I have about no displeading. On the one hand, the federal court says it's no displeading. On the other hand, here I stand on appeal on a complaint with no discovery and I'm expected to tell you who did what to whom and why and when. So there's got to be a give and take between Rule 11 and no displeading. Does it matter in this case, your Fourth Amendment claim, you probably concede there was probable cause to seize the weapons and might have been probable cause to indict, but it was based on tainted evidence that ultimately was ruled inadmissible. So the search gets suppressed and they go away. Do we have to ignore, you know, frankly, you conceded there was probable cause somewhere in the papers. We have to ignore that there was evidence at the time of the indictment that would support the prosecution or not? Do we just pretend that goes away and that there was never probable cause here? Well, I think you're leading up to discussing Shaw, if I'm reading your question right. And Shaw and Shrum are two horses of a different color. Shaw did not involve anyone being arrested. They were detained. It was a seizure so that they could wait on dogs to come and sniff the cars. That resulted in probable cause. So that gave them probable cause to search the car. Cook never had probable cause. I'll give you a minute of rebuttal, but just before you sit down on the equitable tolling, what's your best argument on it? There should have been equitable tolling here. The best argument, Your Honor, that I can make, and it's a very tall hill to climb, granted, is that the 1968 Supreme Court of Simmons v. United States says that it's untenable for someone to have to choose between two constitutional rights. That's exactly what Walt Shrum had to do in this case. Well, your malicious prosecution is a statutory right. Well, it's an oddity. I think all I can say about malicious prosecution is it's a little bit of an oddity. It's a combination of a federal statute, 1983 now, which says you can have a stand-alone claim for malicious prosecution, but it's based on state common law. All right. Thank you. I'll give you a minute to rebut. Let's hear from the appellee. Mr. Glenn Denning going first. Are you splitting your argument? Yes. I'm going to take 10 minutes. May it please the Court. I'm Alan Glenn Denning, and it's my privilege to appear here on behalf of Sheriff Randy Hill and Investigator Dustin Cook. This court has noted that it is reluctant to command do-overs in the district court, and because of that, it affirms on any basis that it's supported by the record. Citing Supreme Court precedent, it is further said that a decision below must be affirmed if the result is correct, even if the grounds on which the district court relied is incorrect. In this case, the grounds the court stated specifically for dismissing the malicious prosecution claim was a failure to show actual innocence. That was clearly the law in this circuit and in every circuit that addressed the issue, save one, up until Thompson v. Clark. That was still good law when the briefs were filed in this case, but Thompson v. Clark has now taken that away from us and says that is no longer required. But Thompson v. Clark didn't change the gravamono of a malicious prosecution claim, and Thompson v. Clark actually underscored the reason why this case still needs to be dismissed and why the dismissal needs to be affirmed. It noted that the gravamono of a malicious prosecution claim is the lack of probable cause for the initiation of the prosecution, not lack of the investigation, but lack of probable cause for initiating the prosecution. One of the seminal facts in this case was just flashing like a beacon that shows the way to the proper disposition of the malicious prosecution case is the fact, undisputed and well-documented, that there was probable cause to support the prosecution in this case. The plaintiff pled that in his complaint, affirmatively pled they had all the probable cause they needed after the ammunition was discovered in order to get the warrant, which then led to the second search, which led to the indictment, which led to the prosecution. The plaintiff admitted it when he pled his own guilt in this case. He affirmatively pled that he had those guns. They were found in his house. He is a felon. His only complaint is that should have never been discovered. It was also established when he pled guilty and made a record that he, in fact, is guilty of the crime with which he was charged. A grand jury considered the evidence and indicted him. The magistrate issued warrants. That would take a lot of malicious prosecution cases off the table if the search and seizure could still be suppressed, but it wouldn't matter for purposes of the initiation of the prosecution, right? It would, and I think that's the intent of the law, because the malicious prosecution cases say the reason we have some of these hurdles is because they're disfavored in the law. Malicious prosecution claims are disfavored, and that's what Shaw says. Shaw says when we get to the civil side of the case, when somebody's asking for money from these officers, we do not allow you to use the exclusionary rule to say, oh, you have to ignore the probable cause evidence. No, we're going to look at the evidence that the officers had when they initiated the prosecution, and when we look at the evidence that they had, we do that even if there was an earlier stage that there was a violation of constitutional right that led to the obtaining of that evidence. That's, in fact, what Shaw argues. Is your argument here based on the complaint that he, that Mr. Shrum basically conceded probable cause versus in the complaint alleging a lack of probable cause? I think it's both. I think he affirmatively pled that there was probable cause when he said on, I think it's on paragraph 91 of his complaint, he said they had all the probable cause they needed when the ammunition was seen by Investigator Cook. And that comes right out of this court's decision in the Shrum case. This court also made this point by saying he had all the probable cause he needed after the ammunition was observed to get the warrant, which then led to all the rest of the steps. The Tenth Circuit, this court in Shrum, said there's a difference between probable cause and probable cause that may be tainted, which is the difference that Shaw draws. Probable cause didn't exist for the seizure of the house. That's what the Tenth Circuit said. But they didn't say probable cause didn't exist for anything else. What they said was it was tainted probable cause, which then under the exclusionary rule and the fruit of the poisonous tree doctrine causes it to be excluded, which gives Mr. Cook the consequences of a criminal prosecution. But Shaw comes along and says, wait a minute. Those two doctrines have no application in a civil case. So in a civil case, we don't look at whether you don't exclude that evidence when determining whether there's probable cause. And there clearly is probable cause. It was both pled, it's been conceded, and it's well documented in the record. The other issue that the district court noted but didn't actually hang its hat on was one that's been discussed up here a moment ago, the fact that the complaint does not allege who did what to whom that resulted in the prosecution. In fact, the only thing that the plaintiff could point to was the statement that everything he said before constituted malicious prosecution. But the other factual allegations are all about the searches and the seizures. The facts that are pled in the complaint are that Investigator Cook, when he saw it was an ammunition case, he called the ATF. This is your jurisdiction. Turned it over to him. They then proceeded. They got a U.S. attorney involved. They went to a federal magistrate. They got warrants for arrest and a warrant for a seizure. They went to a grand jury. Got an indictment. There's no facts that show that Investigator Cook did anything after he investigated, turned that investigation over. The one claim, even after Thompson v. Clark, it is clear that we still have a, this case still needs to be dismissed. The malicious prosecution case still needs to be dismissed. Plaintiff's only argument is to misdirect and talk about the lack of probable cause to seize the house initially. But Shaw says that has no relevance to this case. That part of his claim is barred by the statute of limitations. And we're here on plain error on the statute of limitations. And the arguments he makes here are a little bit different than what he made in the district court. And certainly you can't say that the error was plain. Because the plaintiff conceded in the briefing below. Yeah, that is the existing precedent with which it requires that you rule in favor of the defendants. But I would like you to wasn't the airplane on favorable termination? Wasn't what? Isn't that plain error? Favorable termination? I think plain error is he's applying for both. If I'm understanding the question correctly. I guess I'm disagreeing with you. I think that the argument below about what constituted favorable termination in the district court was incorrect because of Thompson. That's an error that was plain for all purposes. I don't think that is a plain error. And it certainly wasn't what he was arguing for in the briefs because Thompson hadn't yet been decided. You can't say that it was plain error when at the time the judge did it, what he did was correct. On a de novo direct review, you could say, yeah, that's been taken away from you. Now we need to reverse that as plaintiff had originally argued. But that's not the argument he made in this court. But the statute of limitations, whether you look at it either way, under plain error review or direct review, the fact remains the law is very clear. These claims are barred by the statute of limitations under the Wallace case and the Huddleston case. And plaintiff conceded that in his briefing, in his briefing below, he said, yeah, that's right, but it's time to overrule it. Or he says we need to talk about Simmons, which Simmons has no application at all. It was a criminal case. And the one thing, and then I'm going to concede the rest of my time to Mr. Vicks, but the one thing that plaintiff overlooks in his hyperbole about this Hobson's choice is that that's what Wallace and Simmons are all about. How do we solve this Hobson's choice? That's been resolved since 2007. And it means file your case timely and then have it stayed if that's what's necessary. Thank you. May it please the court, Lyndon Vicks on behalf of what have been referred to as the city defendants in this matter, City of Kingman, Kansas. It's Police Chief David Lux and Police Sergeant Travis Sowers. The allegations in the complaint against Officer Sowers and Chief Lux are extremely minimal. The city, by the way, I don't believe is relevant here anymore. Those claims against the city have been either dismissed or abandoned. But as to Officer Sowers and Chief Lux, paragraph 34 alleges that on March 11, 2015, Officer Sowers seized and secured Plaintiff's home. And that same paragraph alleges that Chief Lux was present at Plaintiff Shrum's home on numerous occasions throughout the day. Paragraph 36 alleges that Chief Lux acquiesced in Sowers' seizure of Plaintiff Shrum's home. And then paragraphs 35 and 38 allege that when Officer Sowers secured the home, he, quote, excluded Plaintiff from the home and, quote, denied him access to his own home. Now those latter allegations, I believe, are contradicted and belied by others in the complaint. But it's not necessary for us to worry about that here. Because for the issues presently before the court, there are really only two salient points. One being that everything that Chief Lux and Officer Sowers were alleged to have done occurred on March 11, 2015. And the statute of limitations for a search and seizure claim under Section 1983 would have run on March 11, 2017. And I understand that the arguments that Mr. Glendening has made, I agree with those on statute of limitations. I would say that I do believe that on that issue at least, plain error review would have to be exercised in order to consider the new arguments that have been raised on appeal. Because there is no reference to the Simmons case or any inextricable dispute or conflict between Simmons and Wallace v. Cato. And so you have to review that under plain error, which I don't think can be met here. And in Simmons, the court didn't say that this tension between Fourth and Fifth Amendment rights would have to result in the statute of limitations being told. Rather, you just exclude the testimony from the criminal proceeding. And that could certainly be done here as well. Then on the malicious prosecution, I would just say with regard to my clients, the second salient point out of the allegations is that all they are alleged to do is take seizure, if you will, or secure this house. And even more so, as you've already talked about the limited role that Investigator Cook played in the prosecution, Officer Sowers and Chief Lux are two or three steps back from that. They did nothing to start or continue any prosecution or detention of the plaintiff. And so not only is there a problem with the probable cause element of malicious prosecution, there's a problem with the first element, which requires that is the defendant who is the one that initiated or continued or caused the prosecution. And so we believe that our position is even farther removed from the prosecution than Investigator Cook's and that the district court got the result right here, albeit on the malicious prosecution, obviously, for a different reason. I would say one thing. The plaintiff has a couple of times now talked about federal court being a notice-pleading jurisdiction. And that may be true in some sense, but we do know from the Supreme Court's decisions in Wall and Twombly that in order to state a plausible claim, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plaintiff's complaint fails to do that here with regard to my clients and, I believe, with regard to Mr. Glenn Dennings as well. And for that reason, we believe that the dismissal should be affirmed. Thank you, Counselor. We'll give one minute to Mr. McAllister. Thank you, Mr. Chief Judge. Harper v. Virginia Department of Taxation makes clear that since Walt Shrum's case was pending on appeal when Thompson v. Clark was decided, then Shrum gets the benefit of that decision. It was, I believe, ironic that we were making exactly the same arguments in the appeal that Mr. Thompson was making in his appeal. Claims, not arguments, are waived or forfeited. I would make that point to the court. And certainly based upon the record that I mentioned earlier in my main argument, neither is true for Mr. Shrum's claims regarding malicious prosecution. All the probable cause he needed is a direct quote from the Tenth Circuit's opinion in Shrum or United States v. Shrum. That's a direct quote. We did not concede guilt. He entered a conditional plea of guilty. He made a choice of fighting for his constitutional right that the suppression hearing result in the district court was wrong. He took it up on appeal with the Tenth Circuit on a conditional plea and he won. And so now they're trying to use that as a hammer and say he pled guilty and therefore he doesn't have malicious prosecution claims. I'm out of time. Great. Thank you, counsel. You're excused and the case shall be submitted. Thank you.